614 S.E.2d 633

**In the Matter of Harry E. BODIFORD, Respondent.**

**No. 25992.**

Supreme Court of South Carolina.

Submitted May 6, 2005.

Decided June 6, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Harry E. Bodiford, of Clemson, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a public reprimand or a definite suspension not to exceed sixty (60) days. *See* Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a thirty (30) day period. The facts, as set forth in the Agreement, are as follows.

## FACTS

Effective February 3, 2004, respondent was suspended from the practice of law for failure to comply with Mandatory Continuing Legal Education (MCLE) requirements. In addition, respondent failed to pay his South Carolina Bar license fee. Subsequent to the notice of his suspension from the Commission on Continuing Legal Education and Specialization, respondent negotiated a settlement in an ongoing domestic matter with opposing counsel. Respondent's suspension

was not lifted and respondent was not reinstated to the practice of law until March 31, 2004.

Respondent timely responded to ODC and has cooperated with ODC throughout these proceedings.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice). Respondent further admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement and definitely suspend respondent from the practice of law for a thirty (30) day period.[1] Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. ODC's request for appointment of an attorney to protect respondent's clients' interests is denied.